IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEUTSCHE BANK TRUST COMPANY AMERICAS** As Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass-Through Certificates, Series 2016-KS06 | : : : : : : : | CIVIL ACTION |
| v. | : : | |
| **GREENFIELD OF PERKIOMEN VALLEY, LLC** | : : | No. 23-1439 |

## ORDER

**NOW**, this 3rd day of January, 2024, upon consideration of the Plaintiff's Motion for Appointment of Receiver (Doc. No. 8), the defendant's response, and the plaintiff's reply, and after oral argument, it is **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

### I.   APPOINTMENT OF THE RECEIVER

1. Sal Thomas of Tarantino Properties, Inc., is appointed as Receiver effective immediately for all real and personal, tangible and intangible property (including, without limitation, all structures, leases, fixtures and moveable personal property) owned by Greenfield of Perkiomen Valley, LLC ("Greenfield") at 300 Perkiomen Avenue in Schwenksville, Montgomery County, Pennsylvania, operated as Greenfield Senior Living ("Property"); with respect to income of any kind; and with respect to any and all other property and property interests pledged or assigned to Plaintiff under the Loan Documents, as defined in the Complaint.

### II.   TERM OF THE RECEIVER

2. The Receiver shall serve as the receiver for the Property for a period which

shall commence on the date of this Order and shall continue, notwithstanding the entry of judgment in favor of Deutsche Bank (whether by consent or otherwise), subject to the terms of paragraph 3 below, until the earliest to occur of: (i) the termination of such appointment by a subsequent Order of Court; (ii) the sale of the Property to a third party; (iii) Deutsche Bank's (or its nominee's, designee's or assignee's) acquisition of title to the Leasehold Estate through the delivery to Deutsche Bank (or its nominee, designee or assignee) of a sheriff's assignment or by assignment in lieu of foreclosure; or (iv) full payment of all of sums due and owing under the "Loan Documents" (as defined in Plaintiff's Complaint),

3.     Notwithstanding the terms of paragraph 2, at Deutsche Bank's request, and upon Court approval, following the occurrence of the events described in part (iii) of paragraph 2, the Receiver shall continue the receivership for such reasonable period of time as may be necessary to wind up the receivership and transfer possession and control of the Property to the new owner. The Receiver shall deliver to the new owner of the Property all documents pertaining to the Property in the Receiver's possession, including without limitation all books and records (including invoices), permits, plans, leases, licenses, and contracts, and perform such other duties as may be reasonably necessary to cause an orderly transition of possession, control, and management of the Property to the new ownership.

4.     The receivership may be terminated at any time by the Court upon Deutsche Bank filing with the Court and serving upon the Receiver and Greenfield a Notice of Request to Terminate Appointment of the Receiver (a "Termination Request").

5.     Within 30 days after the termination of the receivership, the Receiver shall file with the Court and serve upon Deutsche Bank and Greenfield its final report and

accounting for the receivership, and the Receiver or Deutsche Bank may request that the Court enter an Order approving such final report and accounting and discharging the Receiver from its duties under this Order.

### III. POWERS AND DUTIES OF THE RECEIVER

6. The Receiver shall have all necessary powers to operate and manage the Property, including the following powers:

(a) To enter and take immediate possession of the Property, and to demand, collect and receive the rents, income, revenues, proceeds and profits derived from tenants at the Property, their sublessees or any occupants in possession, including maintenance fees, management fees, special assessments and/or other charges relating to the Property, which are now due and unpaid or which may become due hereafter (collectively, the "Rents"), and all personal property owned or utilized by Deutsche Bank that relates to the management or operation of the Property, including all books, records, bank accounts, reserve accounts, cash on hand, keys, and combinations for locks or other access information in the possession of or reasonably available to Greenfield or its property manager (collectively, the "Receivership Property");

(b) To access and use office equipment at the Property used by Greenfield or its property manager, including computer equipment, software programs and passwords;

(c) To take all actions necessary to preserve, maintain, operate and manage the Property;

(d) To employ counsel and, with the consent of Deutsche Bank, accountants or other professionals, contractors and support personnel and other persons necessary in

3

order to carry out its duties as the Receiver and to preserve, maintain and operate the Property, and to compensate such persons at competitive rates, without further Order of this Court, at their respective hourly rates, plus reimbursement of all reasonable and necessary out-of-pocket expenses;

(e) To commence, prosecute, continue or defend actions at law or in equity (in its own name or in the name of Greenfield) that the Receiver deems necessary to protect or preserve the Property;

(f) To continue in effect, modify or terminate (if and to the extent terminable without penalty or premium unless such termination penalty or premium shall be paid by the Receiver) agreements, contracts, understandings or commitments entered into by Greenfield with respect to the Property, to the extent permitted by applicable law, and to make additional agreements and contracts reasonably necessary for the operation and preservation of the Property;

(g) To operate and manage the Property, and to market the Property for sale, or to retain a reputable and experienced management company (including, but not limited to, an affiliate of the Receiver), maintenance personnel, broker, leasing agent and/or marketing agent to operate and manage the Property, and to market the Property for sale, without further order of this Court, but with the consent of Deutsche Bank and at competitive rates plus reimbursement of its reasonable and necessary out-of-pocket expenses;

(h) To pay all past-due and current insurance premiums, taxes, assessments, sewer and utility charges levied against the Property, and to purchase merchandise, construction and other materials, supplies and services as the Receiver deems necessary and advisable to assist the Receiver in performing its duties and to pay

the ordinary and usual rates and prices;

(i) To open and utilize any new bank accounts as the Receiver deems necessary or desirable in connection, and the Receiver is authorized, empowered and directed to use Greenfield's tax identification number in connection with the revenue and expenses with respect to the Property;

(j) To make, enter into, enforce, terminate, modify or accept a surrender of any of the Leases (as defined in the Mortgage); to obtain and evict occupants (subject to applicable laws and regulations); to bring or defend any suits in connection with the Leases or Rents in its own name or in the name of Greenfield; to compromise any Rents or other payments, income or proceeds that may become due; and to sue for or otherwise collect and receive all Rents, including those past due and unpaid;

(k) To present for payment any checks, money orders or other forms of payment made payable to Greenfield, its property manager, or any other agent, assignee or nominee of Greenfield, which constitute Rents, endorse and collect the proceeds, to be used and maintained as elsewhere provided;

(l) With the consent of Deutsche Bank, to make any alterations, renovations, repairs, improvements or replacements to the Property that the Receiver deems necessary or desirable for the successful operation of the Property;

(m) With the Court's approval upon application by Deutsche Bank, to sell the Property to a third party in accordance with applicable laws;

(n) To keep the Property insured (whether by the existing insurance coverages or new coverages), each of which insurance policy shall name the Receiver and Deutsche Bank as additional insureds and shall comply, at a minimum, with the terms of the Loan Documents;

(o) As Receiver, to use for any such purpose any funds of Greenfield, including the Rents;

(p) To obtain copies of any and all plans, specifications, and drawings pertaining or relating to any part or all of the Property and to obtain such plans, specifications and drawings from Greenfield, from architects and contractors retained or formerly retained by Greenfield, from the city, municipality, county, or state in which the Property is situated and/or from any agency, commission, board or department thereof if the Receiver deems it necessary or advisable in its discretion to do so;

(q) To notify all local, state and federal governmental agencies, all vendors and suppliers, and any and all others who provide goods or services to the Property of its appointment as the Receiver;

(r) Receiver is authorized to apply income from the Property, subject to the lien rights of Deutsche Bank, as follows and in the following order to the extent funds are available: first, to pay Receiver's approved fees and expenses which include the Receiver's attorneys' fees related to the receivership; second, to pay all operating expenses with respect to the Property (other than the obligations owed to Plaintiff under the Loan Documents); third, to pay all capital obligations with respect to the Property; fourth, to fund reasonable reserves for anticipated operating expenses and capital obligations with respect to the Property; and last, to pay the obligations owed to Plaintiff under the Loan Documents.

(s) To take any and all steps necessary to receive, collect and review all mail or other parcels relating to the Property addressed to Greenfield or its property manager, including, but not limited to, mail or other parcels addressed to any post office boxes held in the name of Greenfield, its property manager, or any other agent,

assignee or nominee of Greenfield, and to instruct the U.S. Postmaster and any other mail or parcel carrier or service to re-route, hold, and/or release said mail or other parcels to the Receiver; provided that any mail and other parcels addressed to Greenfield that do not relate to the Property and reviewed by the Receiver in the performance of its duties will be forwarded to Greenfield or its property manager by the Receiver after its review;

(t) With notice to Deutsche Bank, to delegate or assign any and all rights and powers of the Receiver set forth herein, in the reasonable discretion of the Receiver;

(u) To apply to this Court for further direction and for such further powers as may be necessary to enable the Receiver to fulfill its duties;

(v) To keep a true and accurate account of any and all receipts and expenditures for the Property;

(w) Receiver shall, within 45 days of qualification and appointment, provide Deutsche Bank and Greenfield with an inventory of all property of which Receiver has taken possession. If Receiver subsequently comes into possession of additional property, Receiver will provide Deutsche Bank and Greenfield with a supplemental inventory as soon as practicable.

(x) In addition to any financial, operating, and other reports and information required to be delivered pursuant to the Loan Documents, Receiver shall deliver to Plaintiff, CWCAM and Greenfield, and file in the record of the above-captioned case, no later than the twentieth day of each calendar month, each of the following with respect to the immediately preceding calendar month, certified by Receiver as true, correct, and complete:

(i) a balance sheet, statement of income and expenses, statement of cash flows (each on a budget versus actual comparison basis)

7

    for the Property and on a consolidated basis for all Property;

    (ii) a detailed rent roll for the Property showing the occupancy of the respective Property, name of each tenant, occupant, or customer and, for each tenant, occupant, or customer, the space occupied, the lease or occupancy commencement and expiration dates, the rent or fee payable, the rent or fee paid to date and the security deposit being held for such tenant, if any, and a leasing or rental activity report for the Property each in detail reasonably satisfactory to Petitioner;

    (iii) an aged payables report and an aged receivables report for the Property;

    (iv) a capital expenditure report for the Property; and

    (v) all bank statements with monthly reconciliations.

(y) To pay all ordinary and reasonable costs associated with the Property arising on or after the date of the Complaint, that were not invoiced by the vendor or provider prior to the date of this Order;

(z) To open any new customer accounts necessary to effectively manage the Property and/or to require Greenfield to identify the Receiver as an authorized account user for any existing accounts;

(aa) To pay, in the Receiver's sole and absolute discretion, and after exercising its business judgment, any pre-receivership obligations of Greenfield;

(bb) To execute a W-9 as an attorney-in-fact for Greenfield;

(cc) To notify tenants and other persons now or hereafter in possession of all or any portion of the Property to pay all Rents directly to the Receiver;

(dd) To exercise commercially reasonable discretion in determining whether to refund a security deposit to a tenant, in whole or in part, in accordance with the applicable leases or agreements, and to pay any such funds from security deposits turned over

from Greenfield or (for tenancies arising after the date of this Order) security deposits paid by or on behalf of a tenant first, and then from cash flow generated from Rents, issues, profits, and income from the Property.

(ee) Receiver and Deutsche Bank are authorized to enter into further lending transactions by which Deutsche Bank may lend monies to Receiver (on a nonrecourse basis as to Receiver) to enable Receiver to perform its duties, which shall be secured by a first and prior lien and security interest on the Property and on all other collateral of Deutsche Bank, in favor of Deutsche Bank as security for such on the same terms and conditions set forth in the Mortgage, subject, however, to the terms of paragraph (ff) below.

(ff) Greenfield shall hold in trust for Receiver (and not sell, transfer, assign, lend, pledge, hypothecate, return, reject, revoke or in any other way actually or constructively dispose of, without Court approval or the written consent of Plaintiff), any certificate, deposit, fund, account, trademark, benefit, liquor or food license or permit, or other right or interest owned by it and used in connection with the Property, and shall assign any of the same to Receiver upon Receiver's written request.

(gg) Notwithstanding anything contained in this Order, (1) any obligation or liability incurred by the Receiver during the receivership shall not be a personal obligation or liability of Greenfield, but shall be collectible only out of the Property, and the Receiver shall include the foregoing in each agreement, purchase order and other contract it enters into pursuant hereto, and (2) neither Greenfield nor any of its affiliates shall be liable for any action or inaction of the Receiver. Receiver covenants not to sue or bring any claim, demand action or suit against Greenfield directly or indirectly that is inconsistent with the foregoing and the nonrecourse nature of the obligations of Greenfield pursuant to the terms and provisions of the

Loan Agreement and other similar provisions contained in the Loan Documents.

7. Neither the Receiver nor any person or entity employed by the Receiver (collectively, the "Receiver Parties") shall be liable to Greenfield or to any third party for any act or omission which he, she, it or they have undertaken in good faith; provided, however, nothing contained herein shall release or limit the liability of the Receiver Parties arising from the gross negligence or willful misconduct of the Receiver Parties. The Receiver shall be entitled to all defenses and immunities provided under applicable law, including under *Barton v. Barbour*, 104 U.S. 126 (1881) and its progeny, for acts or omissions within the scope of the Receiver's appointment.

8. Except as provided in this Order, the Receiver shall not be responsible for the payment of any services commissioned or incurred, or goods purchased, prior to the date of this Order, including utility invoices (including electricity, gas, water, sewer, garbage, phone/internet, etc.), payroll and property vendors, all of which shall remain Greenfield's responsibility.

9. No utility may terminate service to the Property as a result of non-payment of pre-receivership obligations without prior order of this Court, nor may the continuation of any utility be conditioned upon the Receiver's payment of any pre-receivership consumption, charges or fees.

10. No insurance company may cancel its existing current-paid policy without prior order of this Court.

## IV. TURNOVER BY GREENFIELD

11. Greenfield and all persons acting under its direction are ordered to immediately deliver to Receiver possession of the Property and each of the following, to the extent owned by Greenfield, in Greenfield's possession or control, and relating to

the Property without any right of offset or recoupment:

(a) Property-related information and YARDI, or other property management database files,

(b) All cash collateral for the indebtedness owed by Greenfield to Plaintiff (whether consisting of cash on hand, cash in any and all bank accounts or other accounts, all rights to security deposits, if any, including but not limited to amounts that Greenfield may have deposited with utility companies, and all other cash and cash equivalents);

(c) All keys to the Property;

(d) All security deposits, rent, prepaid rent and other sums relating to the use, enjoyment, possession, improvement or occupancy of all or any part of the Property, in each case, to the extent received by Greenfield and any accounts in which any of the foregoing are deposited;

(e) A current list of the occupants of the Property;

(f) Any and all current Property accounts receivable and accounts payable reports;

(g) Any and all contracts in effect with respect to the Property, and any material related correspondence;

(h) Any and all payroll records and other materials reasonably requested by Receiver and related to persons employed by Greenfield or its property manager at the Property;

(i) Certificates evidencing the insurance policies covering the Property;

(j) Records showing any insured losses to the Property in the past five years;

(k) Any and all bank statements relating to any accounts maintained by Greenfield with respect to the Property;

(l) The tax identification numbers of Greenfield; and

(m)     Any and all other records pertaining to the management of the Property to the extent such records are maintained.

12.     From and after the date Greenfield delivers possession of the Property to Receiver, Greenfield shall continue to perform or cause to be performed at Greenfield's sole cost and expense all actions necessary for Greenfield to keep its organizational status in good standing with its state of organization and the state where the Property is located, if different, including, without limitation, the timely filing of all required annual reports, tax returns and other similar state and local filings and paying any required fees and charges.

13.     Greenfield and all persons acting under its direction are ordered to cooperate and use their best efforts to ensure a smooth transition of the management and operation of the Property to the Receiver, including, but not limited to, requests for information or documents that pertain to the maintenance, operation or leasing of the Property or any efforts to collect any sums due;

14.     Within three (3) days from the date of this Order, provide the Receiver with the name, title, address, telephone number and email address of a designated representative of Greenfield with whom the Receiver shall communicate about the obligations expressed in this Order, and promptly notify the Receiver of any changes.

**V. NON-INTERFERENCE BY GREENFIELD**

15.     Greenfield and its officers, directors, general partners, limited partners, agents, property managers, architects, contractors, subcontractors and employees, and all other persons with actual or constructive knowledge of this Order and their agents and employees, are enjoined from:

(a)     Interfering with the Receiver, directly or indirectly, in the management and

operation of the Property or in the collection of Rents;

(b) Extending, dispersing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in or disposing of the whole or any part of the Property (including the Rents) without the prior written consent of the Receiver;

(c) Doing any act which will, or will tend to, impair, defeat, divert, prevent or prejudice the preservation of the Property (including the Rents) or the interest of Deutsche Bank in the Property or the Rents;

(d) Undertaking any efforts to cancel, terminate or modify the coverage provided by any existing insurance policies relating to the Property before their respective expiration dates; or

(e) Transferring, selling, assigning, revoking, returning, terminating or canceling, or taking or failing to take any action that would compromise, without the consent of the Receiver, any contract, permit, approval, license, privilege, or right necessary for the operation of business at or use and occupancy of the Property.

16. In the event Greenfield fails to comply with the terms of this Order, the Receiver may seek assistance from the U.S. Marshall to enforce the same.

**VI. RECEIVER'S COMPENSATION**

17. The Receiver shall be compensated at its standard hourly rates described in the *Tarantino Proposal*.[1] The Receiver's fee shall be as follows:

    (i) A monthly Receivership Fee in the amount of One Thousand Five Hundred and 00/100 Dollars ($1,500); and

    (ii) A monthly Management Fee of four percent (4%) of gross revenue.

---

[1] Attached to Pl.'s Mot. for Appointment of Receiver (ECF No. 8) as Ex. K, ECF No. 8-14.

18. In addition to the Receiver's fees, the Receiver shall be reimbursed for its reasonable costs, including legal fees, travel expenses, and other business expenses associated with the Receivership. The Receiver may pay itself from Rents, the Receivership Property, and from the sale of the Property, if any.

19. The Receiver shall file monthly reports with the Court disclosing its compensation and reimbursement.

## VII. BANKRUPTCY OF GREENFIELD

20. If Greenfield files a bankruptcy case during the receivership, Deutsche Bank shall give notice of the bankruptcy case to the Court and the Receiver. If the Receiver receives notice that the bankruptcy has been filed and that part of the bankruptcy estate includes the Property (or any part of it) that is the subject of this Order, the Receiver shall have the following duties:

(a) The Receiver shall give prompt notice of the bankruptcy case to Deutsche Bank.

(b) The Receiver shall immediately contact Deutsche Bank and determine whether Deutsche Bank intends to move in the bankruptcy court for an order for: (i) relief from the automatic stay; and (ii) relief from the Receiver's obligation to turn over the Property (11 U.S.C. § 543). If Deutsche Bank disclaims in writing any intention to make such a motion or fails to file such motion within ten court days following its receipt of notice of the bankruptcy filing, the Receiver shall immediately turn over the Property (or applicable portion thereof) to the appropriate entity (either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession) and otherwise comply with 11 U.S.C. § 543.

(c) If Deutsche Bank intends to seek relief immediately from both the automatic stay and the Receiver's obligation to turn over the Property, the Receiver may remain in

possession and preserve the Property pending the ruling on those motions unless otherwise ordered by the Bankruptcy Court. (11 U.S.C. § 543(a).) The Receiver's authority to preserve the Property shall be limited as follows: (i) the Receiver may continue to collect Rents and other income; (ii) the Receiver may make only those disbursements necessary to preserve and protect the Property; (iii) the Receiver shall not execute any new leases or other long-term contracts without the approval of this Court and the Bankruptcy Court; and (iv) the Receiver shall do nothing that would effect a material change in the circumstances of the Property.

## VIII. MISCELLANEOUS

21. Without limiting any of the general or specific powers granted herein, Receiver is vested with all of the powers, rights, and duties provided to receivers under applicable law, and may act in the name of Greenfield without the approval or consent of the members, managers, directors, officers, partners, or other persons that would be legally required in the absence of the Receiver's appointment to approve or consent to such action.

22. The Receiver shall notify all known creditors of Greenfield of the entry of this Order by sending a copy of the Order to the creditor at its last known mailing address.

23. Entry of this Order shall operate as a stay applicable to all persons and entities of:

    (a) Any act, including without limitation the commencement or continuation of a judicial, administrative, or other action or proceeding including the issuance of process to obtain possession of Receivership Property or to interfere with or exercise control over Receivership Property, other

than the commencement or continuation of a judicial, administrative, or other action or proceeding to enforce any lien having priority over the rights of the Receiver in the Receivership Property;

(b) Any act to create or perfect any lien against Receivership Property to the extent that the lien secures a claim that arose before the date of this Order.

24. Without first obtaining leave of this Court, all creditors, directors, equity owners, employees, unions, and other persons, and all others acting on behalf of such person, including sheriffs, marshals, other officers, deputies, servants, agents, are enjoined from:

(a) Terminating any service, whether utility or otherwise, to or for the Property without first obtaining express authorization from this Court;

(b) Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate the due date of any lease, loan, mortgage, indebtedness, security agreement or otherwise affecting the Receivership Property;

(c) Doing any act to interfere with the Receiver taking control, possession, or management of the Receivership Property, or to interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Property;

(d) Engaging in any act to collect, assess, or recover Receivership Property for a claim against Greenfield that arose before the appointment of the Receiver;

(e) Exercising a right of set off against Receivership Property for a debt owing to Greenfield that arose before the appointment of the Receiver.

_____
TIMOTHY J. SAVAGE, J.